IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                          Case No. 4:17-cr-00279-04 KGB

STACY DESHAWN GALL                                                     DEFENDANT

**ORDER**

Before the Court is defendant Stacy Deshawn Gall's motion for compassionate release and/or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and Mr. Gall's *pro se* declaration in support of the motion (Dkt. Nos. 176; 177). The government responded in opposition (Dkt. No. 180). Mr. Gall replied to the response (Dkt. No. 181). In his motion, Mr. Gall asserts that he has chronic obstructive pulmonary disease, chronic kidney disease, high cholesterol, sleep apnea, dermatitis, is obese, and has been a smoker for 35 years (Dkt. No. 177, at 2).

As a result of arguments made in the parties' filings, the Court requested that the government provide Mr. Gall's federal Bureau of Prisons ("BOP") medical records to the Court under seal (Dkt. No. 183). The government complied and provided those records to the Court for review. The Court has reviewed the records.

Mr. Gall then filed three motions to supplement the record for compassionate release (Dkt. Nos. 185; 189; 192). The Court grants Mr. Gall's motions to supplement the record (Dkt. Nos. 185; 189; 192). The Court has considered the filings in making its determination on Mr. Gall's motion.

For the following reasons, the Court denies Mr. Gall's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 176).

I.      **Background**

Mr. Gall pled guilty to count seven of the superseding indictment in his case, charging him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Dkt. No. 158).  This Court sentenced Mr. Gall on December 5, 2019, to 188 months in the BOP, five years of supervised release, and a mandatory special assessment (Dkt. No. 174).

In his motion, Mr. Gall maintains that COVID-19 continues to put him and other incarcerated individuals at risk.  He asserts that he suffers from COPD, chronic kidney disease, high cholesterol, sleep apnea, dermatitis, is obese with a body mass index of over 30, and has been a smoker for 35 years, smoking three packs per day (Dkt. No. 176, at 4).  He contends that these conditions, along with his age, put him at greater risk of serious injury or death should be contract COVID-19 (*Id.*).  In addition, he cites numerous different medications and that his conditions place him in chronic care level II for cardio/pulmonary issues (*Id.*, at 12).  Mr. Gall maintains that, due to his medications and conditions, he also is immunocompromised and at greater risk of infection (Dkt. No. 181, at 14).  Mr. Gall also asserts that "[h]e has been injured by the virus and is now very compromised given the residual medical issues that have surfaced following his infection with COVID-19 in December of 2020." (Dkt. No. 176, at 5).  Mr. Gall requests that the Court reduce his sentence to a term of time served and claims that the BOP already approved him for release under the CARES Act but later "rescinded approval for no reason." (*Id.*).  The government points out that Mr. Gall offers no proof of these assertions and that the BOP record indicates that Mr. Gall was not approved for release to home confinement (Dkt. No. 180, at 8).

In its response, the government asserts that Mr. Gall has been fully vaccinated and "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is 'extraordinary and compelling' reason for immediate release." (Dkt. No. 180, at 5 (citing *United*

*States v. Broadfield*, 5 F.4th 801, 803, (7th Cir. 2021)). The government also maintains that Mr. Gall tested positive for COVID-19 in December 2020 and recovered without any indication in his medical records that he experienced a severe illness or even that he reported any symptoms or ongoing problems associated with the virus (*Id*., at 6). The government did not provide Mr. Gall's medical records to the Court with its initial response but has now done so. The Court has reviewed those medical records in reaching its determination on Mr. Gall's motion.

Mr. Gall responds that, as a result of COVID-19, he has lower kidney function and pain on the lower right side of his back (Dkt. No. 181, at 5). Mr. Gall also asserts that he has COPD, which can be made "permanently worse from COVID infections." (*Id*., at 6).

The government argues that compassionate release is not warranted in this case (Dkt. No. 180).

**II.     Discussion**

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or

3

>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Gall.

### A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Gall seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act placed decision-making authority solely within

4

the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore lack power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Gall seeks relief from this Court under the CARES Act, the Court denies his motion.

### B.     Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute

5

authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Gall maintains that he submitted an administrative remedy request to the Warden and that 30 days passed from the Warden's denial of the request at the time Mr. Gall filed his motion for compassionate release (Dkt. No. 176, at 7, 10–11). Therefore, he contends that he exhausted all administrative remedies.

Mr. Gall argues that extraordinary and compelling circumstances are present in his case so as to warrant the Court's granting of his motion. Mr. Gall cites his underlying health risks, which he maintains are severe (*Id.*, at 11). He asserts that the BOP has failed to stop or curtail the spread of the virus in its facilities (*Id.*, at 12). Mr. Gall claims that he should have been released by the

BOP to home confinement as authorized by the CARES Act but was not (*Id.*). He cites numerous examples of courts releasing or reducing the sentences of inmates who recovered from COVID-19 infection on the basis that their underlying medical conditions continued to pose a serious risk to their health and safety (*Id.*, at 25–31). He asserts that, under the present circumstances and even as the government acknowledges, he has medical conditions identified by the Centers for Disease Control and Prevention that are COVID-19 risk factors which qualify as extraordinary and compelling reasons warranting compassionate release under the then in-effect Department of Justice position on the issues (Dkt. Nos. 181, at 6; 180, at 6). Mr. Gall updates the Court with respect to his medical status in his most recent filings (Dkt. Nos. 185; 189; 192).

Mr. Gall maintains that he has proven himself a model inmate and has committed himself to bettering himself and aiding other inmates (*Id.*, at 33). He cites the numerous classes and programs in varying fields that he has completed while in the BOP (*Id.*, at 34). He also discusses his release plan and the support of family and friends who will help him transition successfully out of incarceration (*Id.*). He also maintains that, on a BOP assessment, he has a total lack of violence or recidivism on a section of the assessment tool (Dkt. No. 181, at 7). Mr. Gall explains his continued efforts at rehabilitation and attempts to better himself while incarcerated in his most recent filings (Dkt. Nos. 185; 189; 192).

The government argues that Mr. Gall poses a danger to the community if he were to be released and cannot satisfy the 18 U.S.C. § 3553(a) factors this Court is to consider. In the Court's assessment, Mr. Gall meets neither the minimum age requirement nor the served-time requirement under the Guideline. Further, the Court determines that, on the record presented, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release. The Court recognizes Mr. Gall's

7

circumstances and concerns. However, these circumstances and concerns, taken alone or together with his medical concerns, do not present "extraordinary and compelling" reasons for release.

Even if Mr. Gall could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.

The Court recognizes that Mr. Gall has a criminal history that includes several convictions for burglary. He was a pound-quantity distributor of methamphetamine who had 75 pounds of methamphetamine in storage at the time of the instant offense. Further, he returned to these activities immediately after being released on conditions post-indictment, pre-plea. The government submits that granting the requested release would not promote respect for the law, reflect the seriousness of Mr. Gall's offense, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Mr. Gall (Dkt. No. 180, at 9).

Mr. Gall argues at some length about his current conditions of confinement. To the extent he asserts that his incarceration during the pandemic violates the Eighth Amendment's prohibition on cruel and unusual punishment, the Court concurs with the authorities cited by the government that such arguments are not properly considered by this Court in the context of a motion for compassionate release (Dkt. No. 180, at 10–11). Moreover, the Court is not convinced that these arguments that relate specifically to the form of the sentence imposed on Mr. Gall are proper arguments for this Court's consideration in this proceeding. *See, e.g.*, *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022) ("[Defendant] cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead."); *see also United States v. Fine*, 982 F.3d 1117 (8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion.").

8

Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).

### III.   Conclusion

The Court grants Mr. Gall's motions to supplement the record (Dkt. Nos. 185; 189; 192). Based on the findings of fact and conclusions of law above, the Court denies Mr. Gall's motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 176).

It is so ordered this 1st day of May, 2023.

_____
Kristine G Baker
United States District Judge